UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAMIEN LAMAR TAYLOR,**

    **Petitioner,**

                                                Case No. 1:02-CV-470
v.                                              Hon. David W. McKeague

**KEN MCKEE,**

    **Respondent.**

                                      /

**REPORT AND RECOMMENDATION**

       Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

       **I.**    **Background**

       Petitioner's convictions arose from an unsuccessful effort to rob a crack house, which resulted in the fatal shooting of one victim and serious injuries to two other victims. The Michigan Court of Appeals summarized the underlying facts as follows:

> Defendant's convictions arise from an alleged unsuccessful effort to rob a crack house. The incident led to the fatal shooting of one man, Timothy Horton, a crack cocaine dealer, and permanent injuries to two other victims, Al Bailey, another crack cocaine dealer, and Shatuan Smith, who was in the house to purchase crack cocaine. Defendant allegedly participated in the robbery attempt with three others, Tyrone Williams, Dontay McMann, and Clyde Wilson. Wilson, who allegedly participated as a "getaway" driver, testified for the prosecution pursuant to a plea agreement. Two teenage girls, Selma Mardella Davis and Chandra Keenan, both of whom were allegedly involved in the planning of the robbery, also testified for the prosecution pursuant to plea agreements. Davis, Keenan, and their friend, Whonita McGruther, were all present during the attempted robbery.

*People v. Taylor*, No. 210567 (Mich. App. Aug. 11, 2000), slip op. at 1. *See* docket no. 31.

A jury convicted petitioner of: first degree murder, MCL 750.316(1)(b); conspiracy to rob while armed, MCL 750.529,[1] MCL 750.157a; two counts of assault with intent to do great bodily harm less than murder, MCL 750.84; and three counts of possession of a firearm during the commission of a felony, MCL 750.227b. *Id.* Petitioner was sentenced to concurrent prison terms of life without parole for the first-degree murder conviction, 20 to 75 years for the conspiracy conviction, and 6 to 10 years for the assault convictions, to be served consecutive to three concurrent two-year terms for the felony firearm convictions. *Id.*

Petitioner, through his counsel, appealed his convictions to the Michigan Court of Appeals raising the following issues:

    I.    There was insufficient evidence to convict [petitioner] of conspiracy to commit armed robbery, where there was no evidence of an agreement by [petitioner]; and, there were, in fact, affirmative statements by the alleged co-conspirators that [petitioner] did not participate in any agreement.

    II.    Where a rational trier of fact could not have found that the element of intent was proven beyond a reasonable doubt, i.e., that [petitioner] intended to kill Timothy Horton, or to inflict serious bodily injury, or that he acted in wanton or willful disregard that the natural tendency of his behavior was to cause death or great bodily harm, the conviction for felony murder must be vacated for insufficient evidence.

    III.    The convictions of assault with intent to do great bodily harm less than murder cannot stand, where there was insufficient evidence that [petitioner] specifically intended to cause great bodily harm to Al Bailey and Shatoun Smith, and where, accordingly there was insufficient proof of the crime of assault with intent to do great bodily harm.

---

[1] An issue in this case is whether petitioner was actually convicted of conspiracy to commit armed robbery or the lesser included offense of conspiracy to assault with intent to rob while armed. *See infra.*

> IV. Two counts of felony firearm should be dismissed with prejudice.
>
> V. Where the court's scheduling of jury deliberations suggested that a verdict could be reached in a short time, and where the judge resisted the jury's request for transcripts of testimony, there was an impingement of [petitioner's] right to have his case fully deliberated by the jury, without restraint and coercion.

The Michigan Court of Appeals affirmed the conviction. *People v. Taylor*, No. 210567.

Petitioner, through his counsel, filed a delayed application for leave to appeal to the Michigan Supreme Court raising the following issue:

> Where a rational trier of fact could not have found that the element of intent was proven beyond a reasonable doubt, i.e., that [petitioner] intended to kill Timothy Horton or to inflict serious bodily injury, or that he acted in wanton or willful disregard that the natural tendency of his behavior was to cause death or great bodily harm, the conviction for felony murder must be vacated for insufficient evidence.

Petitioner also raised the following "New Issues":

> I. There was insufficient evidence to convict [petitioner] of conspiracy to commit assault with intent to commit armed robbery, where there was no evidence of the specific intent to rob on behalf of [petitioner] and there were corroborating statements by co-conspirators that [petitioner] did not participate in any agreement to armed [robbery]. The prosecutor violated [petitioner's] 14th Amendment right to due process. [An] inference was impermissibly built on an inference.
>
> II. Because [petitioner's] appeal attorney [filed] [an] appeal of right [which] was for the wrong charge. Appeal of right contained the charge of conspiracy to commit armed robbery [which] [petitioner] did not get convicted of.
>
> III. [Petitioner] was denied his Sixth Amendment right when trial counsel was ineffective and made error serious, so serious,

    when counsel failed to object to judge's sua sponte instructions on the charge of conspiracy to commit assault with intent to commit armed robbery.

 IV. [Petitioner] was denied his Sixth Amendment right when appellate counsel was ineffective and procedurally defaulted [petitioner's] appeal process by raising issue on charge [petitioner] had not been convicted of (conspiracy to commit armed robbery) and did not raise issue on charge petitioner had been convicted of (conspiracy to commit assault with intent to commit armed robbery) and counsel failed to file issue on one of [petitioner's] three felony firearm convictions "over looking various issues" assuming there were only two felony firearm convictions.

 V. Double jeopardy - Multiple punishment.

The Michigan Supreme Court denied petitioner's application for leave to appeal. *People v. Taylor*, No. 117808 (Mich. March 27, 2001). *See* docket no. 32.

  **II. Petitioner's claim**

 Petitioner states the following claim for habeas review, "[t]he state court's determination that sufficient evidence was presented to sustain petitioner's felony murder conviction was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." Petition at ¶ 14. Specifically, petitioner contends (1) that there was insufficient evidence of a conspiracy, (2) that there was insufficient evidence of an armed robbery, (3) that there was insufficient evidence to support a felony murder conviction, (4) that he was convicted of assault with intent to commit armed robbery, not conspiracy to commit armed robbery, and (5) that his attorney failed to raise the issue of the erroneous armed robbery conviction on appeal. *See* Petition at 7, 7a; Petitioner's "Reply" at 5.

A threshold issue in petitioner's claim is whether the trial court properly convicted him of conspiracy to commit armed robbery, MCL § 750.529.  In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364.  Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis added).  In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution.  *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Petitioner contends that he was charged and sentenced with one crime, conspiracy to commit armed robbery, M.C.L. § 750.529, but that the jury convicted him of a different crime, conspiracy to assault with intent to rob while armed, M.C.L. § 750.89.  These are two distinct offenses under Michigan law.

The offense of "armed robbery" is codified at MCL 750.529 as follows:

> A person who engages in conduct proscribed under section 530 [i.e., robbery, as defined in MCL 750.530] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while violating this section, the person shall be sentenced to a minimum term of imprisonment of not less than 2 years.

The essential elements of this offense are "(1) that an assault was committed by defendant upon the complainant, (2) that the defendant feloniously took any property which might be the subject of larceny, from the complainant or in his presence, and (3) that the defendant was armed with a weapon described in the statute." *People v. McGuire*, 39 Mich. App. 308, 313, 197 N.W.2d 469 (1972); Mich. CJI2d 18.1.

The offense of "assault with intent to rob while armed" is codified at MCL 750.89 as follows:

> Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years.

"The elements of assault with intent to rob and steal being armed include: (1) an assault with force or violence; (2) an intent to rob and steal; and (3) defendant's being armed." *People v. Smith*, 152 Mich. App. 756, 761, 394 N.W.2d 94 (1986); Mich. CJI2d 18.3. The offense of "assault with intent to rob while armed" is a necessarily lesser included offense of "armed robbery." *People v. Johnson*, 90 Mich. App. 415, 420-21; 282 N.W.2d 340 (1979).

The Rule 5 materials do not include a copy of petitioner's preliminary examination or bind-over to the Muskegon Circuit Court. However, the docket sheet reflects that petitioner was charged in the Muskegon Circuit Court with conspiracy to commit armed robbery, M.C.L. § 750. 529. *See People v. Taylor*, Muskegon Circ. Court. No. 97-140488-FC (docket no. 19). On the first day of trial, the court stated that petitioner was charged as follows: first-degree felony murder (Count I), conspiracy to commit armed robbery (Count II), two counts of assault with intent to commit murder (Counts III and IV), and three counts of felony firearm (Counts V, VI and VII). Trial Trans.

6

I at 3. During jury voir dire, the court read the criminal information to the jurors and identified Count II as "conspiracy to commit armed robbery." *Id.* at 37, 39.

There is no record that the court reduced the charge from armed robbery to the lesser included offense of assault with intent to commit armed robbery. Nevertheless, the jury instruction for Count II was for the crime of "conspiracy to commit assault with intent to commit armed robbery," the lesser included offense, rather than "conspiracy to commit armed robbery." Trial Trans. VI at 109-114. *See* Mich. CJI2d 18.3. The jury verdict form also stated that petitioner was found guilty of Count II, "conspiracy to commit assault with intent to commit armed robbery," and the trial court announced the verdict on that count as "conspiracy to commit assault with intent to commit armed robbery -- guilty." *See* Trial Trans. VII at 4; Verdict Form attached to petitioner's application for leave to appeal (Docket no. 32)

However, at sentencing, the trial court switched back to the original charge, stating that petitioner was convicted of "conspiracy to commit armed robbery" and sentenced him to a term of 20 to 75 years' imprisonment for that crime. Sent. Trans. at 3, 11. Likewise, petitioner's Judgment of Sentence states that he was convicted of "conspiracy-robbery-armed" pursuant to M.C.L. 750.529. Judgment of sentence (March 10, 1998) (Docket no. 31).

In an opinion and order denying petitioner's motion for appointment of substitute appellate counsel, the trial court observed that petitioner was convicted of "[c]onspiracy to [c]ommit [a]ssault with [i]ntent to [c]ommit [a]rmed [r]obbery," which was consistent with the jury verdict but inconsistent with the judgment of sentence. *See* Opinion and Order (April 28, 1999) (Docket no. 32). Finally, the Michigan Court of Appeals, without explanation, stated that petitioner was convicted of

"conspiracy to rob while armed" pursuant to MCL 750.529.  *People v. Taylor*, No. 210567, slip op. at 1.

Based upon this record, it appears that the jury convicted petitioner of one crime, conspiracy to assault with intent to rob while armed, MCL 750.89, but that the court sentenced petitioner to a different crime, conspiracy to commit armed robbery, MCL 750.529.

### III.    Exhaustion of state court remedies

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

The district court should raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). When it is uncertain whether the Michigan courts will consider the petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner. *Hannah v. Conley*, 49 F.3d 1193, 1196 (1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (1991).

In order to properly exhaust a claim in the Michigan courts, a prisoner must fairly present his habeas issues in both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483; *Winegar v. Department of Corrections*, 435 F. Supp. 285, 289 (W.D. Mich. 1977). Unless a habeas petitioner presents the legal and factual substance of every claim to "all levels of state court review," he may not maintain a habeas corpus petition. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

Here, petitioner's main contentions are that he was not properly convicted of conspiracy to commit armed robbery and that his attorney failed to present this issue to the Michigan Court of Appeals. Petitioner did not raise these issues on direct appeal to the Michigan Court of Appeals, but first raised this issue as part of the new issues set forth in his delayed application for leave to appeal to the Michigan Supreme Court. Although petitioner raised these issues to the Michigan Supreme Court, he did not exhaust the claims for purposes of federal habeas review. Submission of a new claim to the state's highest court on discretionary review does not constitute

9

fair presentation of a claim in the habeas context. *See Castille v. Peoples*, 489 U.S. 346, 349-52 (1989); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *2 (6th Cir. Dec. 19, 2000).

Petitioner has at least one available procedure to raise these arguments in state court by filing a motion for relief from judgment pursuant MCR 6.500 *et. seq*. The record reflects that petitioner has not filed a motion under MCR 6.500 *et seq*. Under Michigan law, he may file one such motion with the state trial court. *See* MCR 6.502(G)(1). In addition, such a motion would be an appropriate method to raise an ineffective assistance of appellate counsel claim in the first instance. *See Hicks v. Straub*, 377 F.3d 538, 558 n. 17 (6th Cir. 2004), *cert. den.*, -- U.S. -- (March 21, 2005) (state collateral review under MCR 6.500 *et seq.* is the first opportunity that petitioner had to address the issue of ineffective assistance of appellate counsel); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003)(it may be "practically impossible to raise an ineffective assistance of appellate counsel claim during the actual direct appeal" under the Michigan state appellate rules); *Tucker v. Renico*, 317 F.Supp.2d 766, 773 (E.D. Mich. 2004) (observing that a petitioner's post-conviction motion filed pursuant to MCR 6.500 is "the first practical opportunity to address the issue [of ineffective assistance of appellate counsel] in state court"). Given the discrepancies in the record in this case, petitioner's contentions appear to merit state court review under MCR 6.500 *et seq.*

Accordingly, petitioner's habeas corpus application should be dismissed without prejudice to enable petitioner to exhaust his state remedies with respect to his insufficiency claim. *See Rose*, 455 U.S. at 518-20 (1982).

## **Recommendation**

I respectfully recommend that petitioner's habeas petition be dismissed without prejudice. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: May 10, 2005             /s/ Hugh W. Brenneman, Jr.
                            Hugh W. Brenneman, Jr.
                            United States Magistrate Judge



ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).