UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN LAMAR TAYLOR,

    Petitioner,

                            Case No. 1:02-CV-470
v.                                     Hon. David W. McKeague

KEN McKEE,

    Respondent.
_____/

MEMORANDUM OPINION AND ORDER

    Before the Court is Petitioner's objections to the magistrate judge's Report and Recommendation, in which the magistrate judge recommended dismissing without prejudice Petitioner's request for habeas relief under 28 U.S.C. § 2254. For the reasons stated herein, the Report and Recommendation is accepted in part and rejected in part.

    Briefly, a Michigan jury convicted Petitioner of first-degree murder, conspiracy to commit armed robbery,[1] two counts of assault with intent to do great bodily harm less than murder, and three counts of possession of a firearm during the commission of a felony. Petitioner, through his counsel, appealed his convictions to the Michigan Court of Appeals; the court affirmed the convictions. Petitioner sought delayed relief before the Michigan Supreme Court, which was denied by summary order on March 27, 2001.

    Petitioner filed his present request for federal habeas relief one day before the deadline provided under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §

---

[1] As explained more fully in the magistrate judge's Report and Recommendation, one of the issues in this matter is whether Petitioner was actually convicted of conspiracy to commit armed robbery or the lesser included offense of conspiracy to commit assault with intent to rob while armed.

2244(d)(1). At the same time, Petitioner filed a motion to stay the habeas proceedings. He explained that his "petition contains some unexhausted meritorious claims," and that he "filed this motion and the mixed petition so federal review would not be foreclosed because of the lapse of AEDPA's 1-year limitations period." Motion to Stay the Proceedings, Dkt. No. 2 at 1. The magistrate judge denied the motion as moot, because it appeared from the face of the petition that only one claim – which was exhausted – was presented for review.

Subsequently, however, the magistrate judge correctly concluded that Petitioner actually presented several claims for habeas review, including at least two "new" claims: (a) that Petitioner was convicted by a jury of one crime, conspiracy to commit assault with intent to rob while armed, but was sentenced to a different crime, conspiracy to commit armed robbery; and (b) that he received ineffective assistance of appellate counsel. Although Petitioner submitted these issues to the Michigan Supreme Court, he did not similarly raise them before the Michigan Court of Appeals in his direct appeal. As explained by the magistrate judge, it appears Petitioner can raise these claims in state court by filing a motion for relief from judgment pursuant to MCR 6.500 *et seq.* Accordingly, the magistrate judge concluded that Petitioner had not exhausted his available state court remedies on these "new" claims. After reviewing the Report and Recommendation and Petitioner's objections thereto, the Court accepts the magistrate judge's determination that Petitioner failed to exhaust his available state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 349-51 (1989) (submission of new claims to a state's highest court on discretionary review does not constitute fair presentation of the claims to the state courts for exhaustion purposes).

As the petition includes both exhausted and unexhausted claims, resulting in a "mixed" petition, the magistrate judge recommended that the entire petition be dismissed without prejudice

to enable the Petitioner to exhaust his state remedies. Petitioner objects to the dismissal, arguing that the federal limitations period on all of his claims will have expired by the time he is able to exhaust his state court remedies and re-file his petition (if necessary).[2]

The Sixth Circuit has set out a "stay and abeyance" procedure for dealing with mixed habeas petitions filed under these types of circumstances. *See Griffin v. Rogers*, 399 F.3d 626, 628 (6th Cir. 2005); *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). In cases in which a dismissal without prejudice "could jeopardize the timeliness of a collateral attack," the Sixth Circuit has adopted the following framework: "A district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court." *Palmer*, 276 F.3d at 781 (internal quotations omitted). The exhausted claims should be stayed while the petitioner has the opportunity to return to state court. To eliminate the possibility that a petitioner "might take an undue amount of time to pursue state court remedies," reasonable time limits and conditions should be placed on the stay. *Id.* Under normal circumstances, 30 days to pursue state remedies and another 30 days to return to federal court after exhaustion is completed is a reasonable amount of time. *See id.*; *Griffin*, 399 F.3d at 628, 635.

The Court finds that the "stay and abeyance" framework set out by the Sixth Circuit is appropriate in this case, rather than dismissal of the entire petition without prejudice. Therefore,

IT IS HEREBY ORDERED that the magistrate judge's Report and Recommendation is ACCEPTED IN PART and REJECTED IN PART. The Report and Recommendation is rejected with respect to its recommendation that the entire petition be dismissed without prejudice; it is

---

[2]Petitioner raises several other objections to the magistrate judge's Report and Recommendation. Upon review, the Court finds these objections to be without merit.

accepted in all other respects.

IT IS FURTHER ORDERED that the unexhausted claims in the petition are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that within 30 days of this Opinion and Order, Petitioner return to state court to present any of his unexhausted claims.

IT IS FURTHER ORDERED that this action is STAYED until Petitioner files a motion to amend his petition setting forth his exhausted claims. The motion shall be filed not later than 30 days after a final decision has been rendered by the Michigan courts and shall include a description of the exhausted claims and the dates and substance of decision at each step of state court review.

IT IS FURTHER ORDERED that Petitioner shall advise the Court of any changes of address occurring during the pendency of the stay.

IT IS FURTHER ORDERED that if Petitioner fails to comply with the deadlines and other requirements imposed in this Opinion and Order, the Court may dismiss the entire petition with prejudice, either *sua sponte* or upon motion of the Respondent.

IT IS FURTHER ORDERED that this case shall be administratively CLOSED until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this Opinion and Order.

SO ORDERED.

Dated: July 12, 2005  /s/ David W. McKeague
DAVID W. MCKEAGUE
UNITED STATES CIRCUIT JUDGE*

*Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.