UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN LAMAR TAYLOR,

       Petitioner,

                                    Case No. 1:02-cv-470
v.                                     Hon. Wendell A. Miles

KEN MCKEE,

       Respondent.

_____/

### ORDER TO RE-OPEN HABEAS PROCEEDINGS AND ORDER TO ANSWER

The court administratively closed this action to allow petitioner to exhaust certain habeas claims in the state courts pursuant to the "stay and abeyance" procedure as set forth in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). Memorandum Opinion and Order (July 12, 2005). This matter is now before the court on "Petitioner's motion to amend 28 USC § 2254 habeas corpus" (docket no. 52), "Petitioner's motion for appointment of counsel/enlargement of time to file a brief" (docket no. 54), and petitioner's "Application to proceed without prepayment of fees" (docket no. 56).

#### Motion to amend

Petitioner's motion to amend sets forth sufficient facts to demonstrate that he has complied with the court's requirements as set forth in the July 12, 2005 order. Accordingly, petitioner's motion to amend (docket no. 52) is **GRANTED**.

#### Motion to appoint counsel

Next, petitioner seeks appointment of counsel in this matter. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S.

483 (1969); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964); *see Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). After considering the complexity of the issues and the procedural posture of the case, the court finds that the assistance of counsel does not appear necessary to the proper presentation of petitioner's position.  Accordingly, petitioner's motion to appoint counsel (docket no.54) is **DENIED**.

### Motion for enlargement of time to file a brief

Next, petitioner seeks an extension of time to file a supporting brief.  The Rules Governing Section 2254 Cases in the United States District Courts do not explicitly allow a petitioner to file a supporting brief with the habeas petition. However, the court will allow petitioner to file the supporting memorandum attached to his proposed amended petition.  In addition, pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases, petitioner may submit a reply to respondent's answer within forty-five days after the answer is filed.  Accordingly, petitioner's motion for an enlargement of time to file a brief (docket no. 54) is **DENIED**.

### Application to proceed without prepayment of fees

Finally, petitioner has filed an application to proceed *in forma pauperis*.  Petitioner paid the $5.00 filing fee when he commenced this suit in 2002.  No additional filing fees are necessary.  Accordingly, petitioner's application (docket no. 56) is **DENIED**.

Accordingly, **IT IS ORDERED** that the Clerk of the Court shall file the proposed amended petition (docket no. 52-3) with all attachments and the supporting memorandum of law (docket no. 52-4).

**IT IS FURTHER ORDERED** that petitioner's current warden, John Prelesnik, be substituted as party respondent in the place of Ken McKee.  The Clerk of the Court shall restyle the

caption of the case as follows:

DAMIEN LAMAR TAYLOR,

Petitioner,

v.

JOHN PRELESNIK,

Respondent.

Respondent's counsel remains the same and no further service is required.

**IT IS FURTHER ORDERED** that the above named respondent shall file an answer or other pleading within 180 days of the entry of this order in compliance with the requirements of Rule 5 of Rules Governing Section 2254 Cases. No extensions of time will be granted.  Petitioner may submit a reply to respondent's answer within forty-five days after the answer is filed.

Dated:  January 18, 2008

/s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge