DAMIEN LAMAR TAYLOR

        Petitioner,

                                       Case No. 1:02-CV-470

v.

                                       HON. ROBERT HOLMES BELL

JOHN PRELESNIK,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AND
## <u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

On February 25, 2011, Magistrate Judge Hugh W. Brenneman issued a Report and

Recommendation ("R&R") recommending that Petitioner Damien Lamar Taylor's 28 U.S.C.

§ 2254 petition for writ of habeas corpus be denied. (Dkt. No. 79.) This matter is before the

Court on Petitioner's objections to the R&R. (Dkt. No. 86.)

This Court is required to make a *de novo* review upon the record of those portions of

the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). Although the R&R is reviewed *de novo*, this Court must review the state court

proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner asserts that the R&R misrepresents the background facts of the case.

Petitioner's assertion that the R&R improperly states that the jury convicted Petitioner as a

a principal lacks merit. The R&R indicates that Petitioner was convicted of first degree

murder, but it does not distinguish whether Petitioner was convicted as a principal or an aider and abettor. (R&R 2.) This is proper, as Michigan has abolished any legal distinction between a principal and an aider and abettor. Mich. Comp. Laws § 767.39.

Petitioner objects to the R&R's statement that Petitioner was sentenced for "the conspiracy conviction." (R&R 2.) Petitioner asserts that he was not sentenced for the conspiracy conviction for which he was found guilty, i.e., conspiracy to commit assault with intent to commit armed robbery (Mich. Comp. Laws §§ 750.89, 750.157a), but was instead sentenced for an offense of which he was not convicted, i.e., conspiracy to commit armed robbery (Mich. Comp. Laws §§ 750.529, 750.157a). The R&R's generic reference to Petitioner's sentence for "the conspiracy conviction" is not objectionable because the R&R immediately explains that the sentence erroneously stated that Petitioner was convicted of conspiracy to commit armed robbery (R&R 2 n.1), and it subsequently addresses Petitioner's arguments relating to the two conspiracy offenses (R&R 19-23).

Several of the items Petitioner contends are misrepresentations concern the R&R's failure to include certain details from the record. Specifically, Petitioner objects to the R&R's failure to list certain issues raised in his motion for relief from judgment, his motion for evidentiary hearing, and his motion for reconsideration filed in the Muskegon County Circuit Court, his pro se supplemental brief filed in the Michigan Court of Appeals, and his delayed application for leave to appeal filed in the Michigan Supreme Court.

The R&R has not misrepresented the lower court proceedings. The R&R does not purport to list each and every issue raised in Petitioner's various pleadings, nor should it.

2

The R&R properly focused on those issues that were fairly presented to the state courts and are relevant to the resolution of the issues presented in Petitioner's habeas petition.

Petitioner objects to the Magistrate Judge's finding that Petitioner has not asserted cause for his procedural default of issues IV - VI, or actual innocence. Contrary to Petitioner's assertions, the Magistrate Judge correctly found that these claims were procedurally defaulted. The Magistrate Judge also correctly found that the Petitioner has not demonstrated cause for his procedural default, nor has he demonstrated that his case falls withing the fundamental miscarriage of justice exception.

As to Petitioner's remaining objections, the Court agrees with the Magistrate Judge that there was sufficient evidence to support Petitioner's conviction for felony murder. The Court also agrees that even if Petitioner's due process claim regarding his conviction for conspiracy to commit assault with intent to commit armed robbery had not been procedurally defaulted, the argument would be denied for lack of merit because Petitioner's notice of the charge of conspiracy to commit armed robbery was sufficient to place Petitioner on notice of the lesser included offense of conspiracy to assault with intent to commit armed robbery. Furthermore, the evidence that the Michigan Court of Appeals found was sufficient to support a conviction for conspiracy to commit armed robbery, was also, by definition, sufficient to support the lesser included offense of conspiracy to assault with intent to commit armed robbery.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued

"only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). If an appeal is filed, the district judge who ruled on the habeas

petition must either issue a certificate of appealability or state why a certificate should not

issue. Fed. R. App. P. 22(b). The district court must decide whether to issue a certificate of

appealabilility at the time of denial of habeas relief, and need not await an appeal or an

application for a certificate. Rule 11(a) of the Rules Governing § 2254 Cases. The Court

finds that, for the reasons stated in the comprehensive and well-reasoned R&R, Movant has

failed to make a substantial showing of the denial of a constitutional right. A certificate of

appealability will accordingly be denied. Accordingly,

   **IT IS HEREBY ORDERED** that Petitioner's objections to the Magistrate Judge's

R&R (Dkt. No. 86) are **OVERRULED**.

   **IT IS FURTHER ORDERED** that Petitioner's motion to amend the caption of this

case in light of his transfer to a different facility (Dkt. No. 88) is **DENIED AS MOOT**.

   **IT IS FURTHER ORDERED** that the February 8, 2011, R&R of the Magistrate

Judge (Dkt. No. 79) is **APPROVED** and **ADOPTED** as the opinion of the Court.

   **IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus

(Dkt. No. 1) is **DENIED**.

   **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: <u>March 17, 2011</u>                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE